IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE L. HICKS, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
|   v. | )   CAUSE NO. 04-CV-830-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside or correct sentence, and two amendments thereto, to which the government has filed a response.

On December 22, 2003, petitioner appeared for a post-release violation hearing. Petitioner was previously convicted of and incarcerated for four narcotics trafficking offenses. His sentence included five years supervised release following his incarceration. During his supervised release, the government filed a petition revoke that release on April 29, 2003 based on numerous violations. Due to petitioner's medical condition, the hearing on the alleged violations was continued until December 22, 2003.

At the December 22, 2003 hearing, petitioner admitted violating the terms of his release. The Court found petitioner to be in violation of his supervised release, and that the most serious violation was a category B offense, which, with a criminal history of II, resulted in a maximum sentence of five years. The Court determined that petitioner's category B offense level, coupled with his criminal history category of II, yielded a sentencing range of 6-12 months. The court considered the applicable range along with the factors in 18 U.S.C. § 3553(a), and concluded that a more severe penalty was warranted. The Court ultimately sentenced petitioner to 24

months incarceration followed by 24 months of supervised release.  Subsequently, petitioner, through his attorney, filed an appeal.  Counsel then filed a brief acknowledging that counsel had reviewed the record and the law and believed that the district court's calculations of petitioner's violation grade, criminal history and sentencing range were supported by the evidence and that the two-year term of supervised release was legally imposed and not an abuse of discretion; counsel sought to withdraw.

In an unpublished opinion filed on May 14, 2004, the Seventh Circuit dismissed petitioner's appeal, stating that the Court's decision to impose a more severe penalty was not clearly unreasonable.  *Hicks v. United States*, 04-1022, at *3 (7th Cir. May 14, 2004).

Petitioner then filed the instant motion to vacate.  In the interim, petitioner was released from custody on September 9, 2005, and is currently on supervised release.

28 U.S.C. § 2255 provides that: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or . . . is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  A prisoner is in custody until his sentence is completely served.  *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).  Supervised release is a form of custody that may be abbreviated if a petitioner prevails in a § 2255 action.  *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995).  Thus, although petitioner served his full 24-month term of imprisonment, his claims are not necessarily moot.

However, grounds for relief pursuant to § 2255 are more limited than grounds for relief on direct appeal.  An issue not  raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the

claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. See, *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Degaglia v. United States,* 7 F.3d 609, 611 (7th Cir. 1993). An ineffective assistance of counsel claim may be made in a subsequent collateral attack pursuant to 28 U.S.C. § 2255, even if the petitioner could have made the claim on direct appeal. See, *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690 (2003).

Here, petitioner first claims that he is entitled to a downward departure because of a serious medical condition that requires better medical care and treatment than that provided by the Bureau of Prisons. That claim is moot in that petitioner's incarceration has been completed, and he is now free to seek whatever medical care he desires.

Petitioner next claims that under *United States v. Booker*, ___U.S.___, 125 S.Ct. 738, 756 (2005), the Court improperly sentenced him, and that he received ineffective assistance of counsel in that his attorney failed to make a *Booker*-type argument. The Court first notes that the Seventh Circuit has held that *Booker* is not retroactive on collateral review with respect to criminal cases that became final prior to January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Here, the Seventh Circuit issued its decision on May 14, 2004. The Seventh Circuit further noted that an attorney's failure to anticipate *Blakely v. Washington*, --- U.S. ----, 124 S.Ct. 2531 (2004) and *Booker*, --- U.S. ----, 125 S.Ct. 738, does not constitute ineffective assistance of counsel. *See, e.g., Fuller v. United States*, 398 F.3d 644, 651 n.4 (7th Cir. 2005).

Accordingly, the Court finds that petitioner's claims are without merit, and **DENIES** petitioner's motion to vacate, set aside or correct sentence.  The petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: February 6, 2006.**


                **S/ WILLIAM D. STIEHL**
                  **DISTRICT JUDGE**